UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 31, 2017

LETTER TO COUNSEL

      RE:    *Deborah Ann Schmidt v. Commissioner, Social Security Administration*;
               Civil No. SAG-16-3291

Dear Counsel:

    On September 29, 2016, Plaintiff Deborah Ann Schmidt petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and the related filings. (ECF Nos. 17, 25, 28, 29). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Schmidt's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Ms. Schmidt protectively filed her claims for benefits on August 15, 2012, alleging a disability onset date of July 26, 2012. (Tr. 185-95). Her claims were denied initially and on reconsideration. (Tr. 130-37, 139-42). A hearing was held on October 22, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 48-91). Following the hearing, the ALJ determined that Ms. Schmidt was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 25-47). The Appeals Council ("AC") denied Ms. Schmidt's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

    The ALJ found that Ms. Schmidt suffered from the severe impairments of "degenerative disc disease, status-post left knee surgery, left ankle tendinitis and cyst, and obesity." (Tr. 30). Despite these impairments, the ALJ determined that Ms. Schmidt retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can do work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing (except she never requires the use of ladders, ropes and scaffolds). She can also do work that has a sit/stand option that allows her to sit or stand alternately, at 15 minutes [*sic*] intervals provided she remains on task while in either position during the work period. She should avoid all hazards.

(Tr. 33-34). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Schmidt could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 39-40).

Plaintiff makes one primary argument on appeal: that the ALJ did not provide a sufficient explanation for the assignment of "little weight" to the opinion of her treating physician, Dr. Julio Menocal.[1] *See, generally,* Pl. Mot. 11-14. That argument lacks merit.

The ALJ provided a detailed summary of the medical records from Ms. Schmidt's visits with Dr. Menocal and other treating sources. (Tr. 35-36). The ALJ then addressed Dr. Menocal's opinion as follows:

> As for the opinion evidence, I assign little weight to the February of 2013 findings of Dr. Menocal who limited the claimant to less than sedentary exertion with 50% ability to use hands fingers and arms on the right, the need to take breaks every hour for 15 minutes, and the need to be absent from work more than 4x per month, due to chronic migraines, dizziness/fatigue, and carpal tunnel syndrome. Records show that Dr. Menocal's own treatment records more often than not show normal physical examination and do not substantiate the need to have such significant manipulative limitations, the need for breaks, and the need to be absent from work. Likewise, the claimant's MR [*sic*] indicates protrusion but no spinal canal stenosis, with successful left knee surgery. She also testified that she could perform light work with a sit/stand option.

(Tr. 38-39) (citation omitted). Ms. Schmidt contends that the ALJ's reasons for discounting Dr. Menocal's opinion are both vague and contradicted by the evidence of record. Pl. Mot. 11-13. The record in this case does contain evidence both supporting and, as cited by the ALJ, undermining the notion that Ms. Schmidt is disabled. This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In this case, the ALJ specifically referenced not only Dr. Menocal's own treatment records, but also referred to Ms. Schmidt's testimony that she would be capable of performing a representative light job with a sit/stand option. (Tr. 80); *see also* (Tr. 79) (testimony that she believed she could have performed sedentary work before her 50th birthday). Moreover, the ALJ did not inaccurately portray Dr. Menocal's treatment records by suggesting that they "more often than not" had largely normal findings. The ALJ also referred to two specific facts, namely the MRI results and the successful knee surgery, that he believed to corroborate his conclusions. (Tr. 39). Although Ms. Schmidt cites to other evidence in attempting to undermine those facts, again, her contentions amount to a request that this Court reweigh the evidence as considered by the ALJ. Finally, in other sections of the opinion, the ALJ provided further analysis that informs the evaluation of Dr. Menocal's opinion; for example,

---

[1] As the Commissioner notes, Ms. Schmidt makes a secondary argument that the ALJ erred in formulating the hypothetical posed to the VE, because the ALJ did not include the limitations posited by Dr. Menocal. Pl. Mot. 14-15, Def. Mot. 5 n.3. Because this secondary argument rises or falls on the validity of the assignment of weight to Dr. Menocal's opinion, only the primary argument need be addressed.

*Deborah Ann Schmidt v. Commissioner, Social Security Administration*
Civil No. SAG-16-3291
August 31, 2017

the statement that medical records show that Ms. Schmidt only experiences migraine headaches about once per year and that she had them previously while working without limitations. (Tr. 31). In light of the substantial evidence to support the ALJ's conclusion, and the prohibition against reweighing the evidence he considered, his opinion must be affirmed.

**CONCLUSION**

For the reasons set forth herein, Ms. Schmidt's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 28) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge